Bobby Rydell **ROBERTSON**

v.

**M/V CAPE HUNTER, et al.**

No. CIV. A. G–97–255.

United States District Court, S.D. Texas, Galveston Division.

Oct. 9, 1997.

David A. Bickham, Houston, TX, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Plaintiff.

Laurence E. Best, Best Koeppel Law Corp., Steven Dirk Naumann, Magenheim Bateman, Houston, TX, for Defendants.

### ORDER GRANTING MOTION
### TO TRANSFER VENUE

KENT, District Judge.

This is a personal injury case arising under the Jones Act and general maritime law. Plaintiff allegedly was injured on June 27, 1994 off the coast of Louisiana while attempting to coil seismic cable and place it aboard the M/V CAPE HUNTER. Defendants initially filed a declaratory action challenging Plaintiff's right to maintenance and cure in the Southern District of Mississippi. That case was dismissed by Defendants after Plaintiff relinquished any claims to maintenance and cure, but not before Plaintiff filed suit in Brazoria County state court. In the first state action filed by Plaintiff, Defendants attempted to have the case dismissed on *forum non conveniens* grounds. After failing at the trial court level, Defendants then sought a writ of mandamus from the Fourteenth Court of Appeals in Houston, and then from the Supreme Court of Texas. Before the Texas Supreme Court could rule on the Defendant's once-denied writ, Plaintiff nonsuited his case. Thereafter, Plaintiff filed the case again in Brazoria County state court, and again Defendants unsuccessfully sought dismissal at the trial court level for *forum non conveniens*. After Defendants filed a second writ of mandamus, Plaintiff again nonsuited his case. This case was filed on May 7, 1997. Now before the Court is Defendants' Motion to Transfer Venue and Motion to Dismiss of September 5, 1997. For the reasons set forth below, Defendant's Motion to Transfer Venue is **GRANTED.** Defendants' Motion to Dismiss is not reached.

Defendants seek a transfer to either the Southern District of Mississippi, or the Eastern or Western District of Louisiana based on 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants bear the burden of demonstrating to the Court that it should transfer the case. *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). Of course, whether to transfer the case rests within the sound discretion of the trial court. *See Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988) ("Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion." (citation omitted)); *Marbury–Pattillo Constr. Co.*

*v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir.1974) (declaring that whether to transfer venue is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.).

## I. ANALYSIS

█ The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of pertinent books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex.1996) (Kent, J.); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.); *Continental Airlines v. American Airlines*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (Kent, J.) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

### 1) *Availability and Convenience of Witnesses and Parties*

█ Defendants argue that the location of the witnesses in this case favors transfer. Defendants initially point to the crew of the M/V CAPE HUNTER and the crew of Sea Mar Management, Inc., who mostly hail from Louisiana, as important witnesses required for trial. Defendant argues that these witnesses are required to determine the condition of the vessel at the time of the incident and to establish Plaintiff's actual duties at that time. As this Court has repeatedly stated, although a consideration, "the[ ] convenience [of Defendants' employees] is entitled to less weight because [Defendants] will

be able to compel their testimony at trial." *Continental Airlines*, 805 F.Supp. at 1397. Therefore, although the Court does indeed consider the convenience of these witnesses, it must look further at other witnesses involved. Defendants also argue that personnel from a seismic survey party witnessed the accident which injured Plaintiff. These individuals also mostly reside in Louisiana. Moreover, at least two treating physicians, chosen by Plaintiff's counsel, and two IME physicians, chosen by Defendants, live in Louisiana.[1]

When determining the relative conveniences of transfer, the Court also considers the residences of the parties in the case. None of the parties in this case reside in the Galveston Division. Instead, Plaintiff resides in Mississippi[2] and Defendant Sea Mar is incorporated and has its principal place of business in Louisiana. Defendant Western Atlas operates from Houston, Texas, within the Southern District, but outside of the Galveston Division. The Court also notes that Plaintiff has filed an *in rem* action against the vessel, M/V CAPE HUNTER. The CAPE HUNTER'S home port is in New Iberia, Louisiana, and it operates in waters offshore of Louisiana and Mississippi; it does not operate in Texas waters. Although the Court acknowledges that one of the Defendants operates an office in Houston, Texas, the Court finds that a careful consideration of the relative conveniences of the witnesses and parties in this case favors a transfer to the Western District of Louisiana. *See Dupre*, 810 F.Supp. at 823 (declaring that the Court will often transfer a case when the crucial witnesses reside more than 100 miles from the challenged forum). Moreover, this is not a case where the only result of transfer would be a shifting of the balance of inconveniences from the moving party to the nonmoving party. *See id.* at 826.[3]

---

1. Plaintiff's current treating physician resides in Houston, within the Southern District.

2. Defendants argue that Plaintiff's physician intimated that it would present a physical hardship for Plaintiff, who lives in Mississippi, to come to Galveston. Defendant then argues for transfer of this cause to Louisiana. It appears that Defendants' argument is simply: "Anywhere but here."

3. Plaintiff argues that the charter for the CAPE HUNTER was negotiated in Houston and that

certain upper supervisory personnel and payroll employees reside in Houston. This is a personal injury case. The Court finds the key witnesses in this case to be those who can testify about safety aboard the ship and the factual circumstances surrounding the accident. These key witnesses reside in Louisiana. *See Continental Airlines*, 805 F.Supp. at 1396 ("In considering the convenience of the witnesses, the Court must primarily consider the convenience of the key witnesses. Indeed, the convenience of one key witness may

### 2) *Location of Counsel*

Plaintiff's counsel in this case offices within the Galveston Division. Defense Counsel offices in Houston. Although this factor is entitled to the least consideration, the Court notes that it does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Id.* (recognizing that the vast majority of cases hold that location of counsel is entitled to little or no consideration). Thus, this factor militates against transfer and supports trial of this case in the Galveston Division.

### 3) *Location of Books and Records*

According to Defendants' Motion to Transfer, all records pertaining to the operations of the CAPE HUNTER are located on board that vessel. Defendants do not contend that the location of these books and records is of paramount importance in this case. The Court agrees. Therefore, although the Court notes that the CAPE HUNTER does not operate within the waters of the Southern District, it places little weight on this factor. *See id.* at 826–27 (noting that a personal injury action is typically not the type of action where the location of books and records is of paramount importance, and stating "the liability question is usually proven through eye witnesses rather than documents and the damages issue ... usually does not involve enough documents as to be an overwhelming factor"); *Continental Airlines,* 805 F.Supp. at 1397 (observing in a personal injury case that "it is unlikely that all ... relevant documents will be needed for trial and ... [could] be produced and examined anywhere for discovery purposes.")

### 4) *Trial Expenses*

As this Court has consistently stated in the past, parties to litigation face unavoidable costs in almost every case that goes to trial. Moreover, it is rare that the forum in which the case is litigated is the most convenient or the least costly for all parties involved. However, the Court notes that with advances in communication, transportation, and the preservation of testimony, formerly oppressive costs are now bearable for most parties. Notwithstanding technological advances, this

Court has repeatedly transferred cases where the parties and witnesses live far from Galveston. In these situations, the Court looks closely at the costs to be incurred by all of the parties if the case is tried in this District. *See, e.g., Henderson,* 918 F.Supp. at 1067 ("The Court will frequently transfer a case when the majority of the key witnesses live more than 100 miles from Galveston and thus outside the subpoena reach of the Court."); *Bevil v. Smit Americas, Inc.,* 883 F.Supp. 168, 170 (S.D.Tex.1995) (Kent, J.) (same); *Dupre,* 810 F.Supp. at 827 ("[T]his Court is certainly concerned with cases in which all parties and witnesses live far from Galveston."). In this case, all of the key witnesses, and three of the parties, reside over 100 miles from the Galveston Division. After carefully considering the costs involved, the Court concludes that transferring this case will result in a reduction of the costs associated with trial. Thus, this factor favors transfer.

### 5) *Place of the Alleged Wrong*

The place of the alleged wrong is perhaps the most important factor in venue determination. *See Henderson,* 918 F.Supp. at 1067. In this case, Plaintiff was injured off the coast of Louisiana. This factor supports transfer. Moreover, given the fact that the CAPE HUNTER does not come into the waters of Galveston, the Court finds that the residents of the Galveston Division have little more than a passing interest in the outcome of this litigation and the safety of operations aboard that vessel. *Cf. Continental Airlines,* 805 F.Supp. at 1399 ("Plaintiffs alleged Defendants engaged in ... violation of the ... law; to the extent residents in the Galveston Division suffered from these actions ... it cannot be said that they have no interest in the outcome of this litigation.")

### 6) *Possibility of Delay and Plaintiff's Choice of Forum*

A plaintiff's choice to litigate his case in the Galveston Division of the Southern District is normally given great deference. *See Carlile v. Continental Airlines, Inc.,* 953

outweigh the convenience of numerous less im-

portant witnesses.")

F.Supp. 169, 171 (S.D.Tex.1997) (Kent, J.); *see also United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 683 (W.D.Tex.1986) (asserting that plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor") However, as this Court has repeatedly stated, close scrutiny is given to Plaintiff's choice of forum when the Plaintiff does not live in the Southern District. *See, e.g., Dupre*, 810 F.Supp. at 828. Here, Plaintiff lives in Mississippi. By this Court's reading of a United States map, the entire State of Louisiana lies between Galveston and the State of Mississippi. No key witnesses reside in the Galveston Division and the CAPE HUNTER, the vessel on which Plaintiff was injured, does not operate here. The Court finds the rare situation exists in this case where Plaintiff's choice of forum is entitled to little or no deference. This case simply has no significant connection to this forum.

Furthermore, although the possibility of delay normally plays a large role in the Court's analysis, *see id.*, the Court is not convinced that delay will actually result if this case is transferred. *See Henderson*, 918 F.Supp. at 1067 ("While the Court recognizes that a prompt resolution of claims is particularly important ..., the possibility that a transfer may somewhat delay the ultimate resolution of a case alone cannot justify retaining a case that has *no factual connection to this District*." (emphasis added)). Moreover, without suggesting the existence of impropriety, and indeed without apprehending such, the Court notes the long procedural history of this case, including two nonsuits initiated by Plaintiff himself.[4] Plaintiff was injured over three years ago. This case needs prompt resolution. Such resolution can best be achieved in a forum near Plaintiff's residence and in a court more convenient to all of the witnesses and parties involved.[5]

## V. CONCLUSION

After careful consideration of the above factors in light of the facts in this case, the Court is convinced that the convenience realized and the expenses saved by transferring this case to the Western District of Louisiana are sufficient to deprive the Plaintiff of his chosen forum. The Court finds that this case has absolutely no connection to the Galveston Division; Plaintiff is not a resident of the Galveston Division, no key witnesses reside in the Galveston Division, and the accident did not occur here. For the reasons stated above, Defendant's Motion to Transfer Venue is hereby **GRANTED** and this case is transferred to the Western District of Louisiana. The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like, unless justified by a compelling showing of new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the Fifth Circuit Court of Appeals, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

4. The Court appreciates counsel's confidence in this Court's ability to fairly and efficiently resolve admiralty cases; however, the Court finds an insufficient factual basis that warrants trying this case in the Galveston Division.

5. The Court notes Plaintiff's argument that a case can only be transferred to a forum "where it might have been brought." See 28 U.S.C. § 1404(a). The Court finds, based on the pleadings, that this case could have initially been brought in the Western District of Louisiana.