**HOUSTON TRIAL REPORTS, INC.
and Blue Sheet Publications,
Inc., Plaintiffs,**

v.

**LRP PUBLICATIONS, INC. and Jana
Shellington, Defendants.**

**No. Civ.A. H–99–0781.**

United States District Court,
S.D. Texas,
Houston Division.

Aug. 31, 1999.

---

George R. Neely, Houston, TX, for Plaintiffs.

William Wesley Ogden, Jr., Ogden Gibson White and Broocks, Houston, TX, Joseph D Wargo, Jeanine L Gibbs, Altman Kritzer et al., Atlanta, GA, Michael S. French, Altman Kirtzer et al., Atlanta, GA, for Defendants.

## MEMORANDUM AND ORDER

ROSENTHAL, District Judge.

Plaintiffs, Houston Trial Reports, Inc. and Blue Sheet Publications, Inc., are Texas corporations located in Harris County, Texas. (Docket Entry No. 1, Ex. A, pp. 1–2). Plaintiffs are engaged in the jury verdict reporting business, in which they "gather, format and publish various information obtained from individuals concerning the trial and settlement of lawsuits in the various venues and jurisdictions." (Docket Entry No. 1, Ex. A, pp. 2–3).

Defendant LRP Publications, Inc., a Pennsylvania corporation with its corporate headquarters in Palm Beach Gardens, Florida, describes itself as a "leading publisher of electronic and print services for the professional and legal markets." (Docket Entry No. 22, Ex. H to the Affidavit of Doris Hardin). LRP's publications include a national jury verdict research database. (Docket Entry No. 22, Ex. C to the Affidavit of Doris Hardin).

Defendant Jana Shellington is a resident of Florida and a vice-president of the corporate defendant. (Docket Entry No. 4, ¶ 5). In this lawsuit, plaintiffs allege that Shellington sent a letter to plaintiffs seeking to purchase a subscription to the "Blue Sheet," plaintiffs' jury verdict report for Harris County, Texas. (Docket Entry No. 1, Ex. A, p. 3). Plaintiffs allege that LRP obtained access to plaintiffs' database and used that access to include information from plaintiffs' database in LRP's own jury verdict research products, interfering with plaintiffs' efforts to sell its data to nationwide companies such as Westlaw and Lexis/Nexis. (Docket Entry No. 22, Affidavit of Doris Hardin, p. 3).

The following motions are pending:

(1) Defendants' motion to dismiss the claims against Shellington for lack of personal jurisdiction, under Fed. R.Civ.P. 12(b)(2). (Docket Entry No. 4);

(2) Defendants' motion to transfer venue under 28 U.S.C. § 1404(a) to the United States District Court for the Southern District of Florida, West Palm Beach Division, where related litigation is pending and where personal jurisdiction would be available as to all defendants. (Docket Entry No. 14);

(3) Defendants' motion to dismiss or have plaintiffs replead under Fed. R.Civ.P. 9(b), 12(b)(6), and 12(e). (Docket Entry No. 4).

Based on the pleadings, the motions and responses, the parties' submissions, and the applicable law, this court GRANTS the motion to transfer under section 1404(a). The motion to dismiss the claims against Shellington for lack of personal jurisdiction is moot. This court does not reach the remaining challenges to the pleadings. The reasons are set out below.

## I. Background

In this removed state court suit, plaintiffs allege that LRP has used its access to plaintiffs' databank to enable LRP to compete against plaintiffs in selling data to Westlaw and/or to Lexis/Nexis. (Docket Entry No. 1, Ex. A, pp. 3–6). Asserting claims for tortious interference with contract and prospective business relations, civil conspiracy, unfair competition, business disparagement, and fraud, plaintiffs seek $500,000 in actual damages on each claim individually or on all claims together, and $2 million in punitive damages. (Docket Entry No. 1, Ex. A, pp. 3–6). Plaintiffs also seek a declaratory judgment of the parties' rights and obligations with respect to plaintiffs' database and defendants' alleged misuse of information in that database. (Docket Entry No. 1, Ex. A, p. 7). Plaintiffs attach to their petition a letter from Jana Shellington, dated February 7, 1997, sent from a Florida address, in which she stated that she had previously practiced law in Houston, Texas; that she had recently moved to Florida; that she wished to continue a reduced practice; and that she wished to receive a subscription to the Houston Trial Reports. (Docket Entry No. 1, Ex. A, p. 13). Shellington enclosed a check for the subscription amount. (Docket Entry No. 1, Ex. A, p. 13). Plaintiffs allege that Shellington was attempting to obtain this subscription for the benefit of her employer, LRP. (Docket Entry No. 1, Ex. A, p. 3). The only basis for the assertion of jurisdiction against Shellington is the letter she sent to plaintiff Houston Trial Reports, Inc. attempting to obtain a subscription, in Florida, to Houston Trial Reports, plaintiffs' publication.

With their motion to dismiss the claims against Shellington for lack of personal jurisdiction, defendants submit an affidavit from Shellington, in which she denies ever having lived, owned or leased property, maintained a bank account, had a telephone listing, or personally conducted any regular or continued business, in Texas. (Docket Entry No. 4, Ex. 1, ¶¶ 3–7).

This case is not the first in which a local jury verdict reporter has sued LRP, alleging that an LRP representative obtained a subscription to the local jury verdict publication and used the subscription to obtain information for wrongful use in its own, national legal publications database. In *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014 (N.D.Ill. 1998), the district court in the Northern District of Illinois faced a complaint and threshold motions similar to those pending here. That court granted defendants' motion to transfer venue to the Southern District of Florida. *Law Bulletin*, 992 F.Supp. at 1021. The case is now pending in that district. (Docket Entry No. 15, p. 10). Defendants cite the Illinois court's decision and the pendency of the related case in the Southern District of Florida in support of their motion to transfer venue in this case.

This court first addresses the defendants' challenge to venue.

## II. The Motion to Transfer Under Section 1404(a)

■■■ Section 1404(a) governs this motion for transfer. It provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The purpose of this statute is to protect litigants, witnesses, and the public against unnecessary inconvenience and expense, and to avoid wasted time, energy, and money. *See Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Stabler v. New York Times Co.*, 569 F.Supp. 1131, 1137 (S.D.Tex. 1983).[1]

■■■ The decision to transfer a pending case is committed to the sound discretion of the district court. *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir.1988); *Robertson v. M/V Cape Hunter*, 979 F.Supp. 1105, 1106 (S.D.Tex.1997). The party moving for a change of venue bears the burden of demonstrating why the forum should be changed. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989); *Dearing v. Sigma Chem. Co.*, 1 F.Supp.2d 660, 664 (S.D.Tex.1998). "Unless the balance of factors strongly favors the moving party, the Plaintiff's choice of forum generally should not be disturbed." *Henderson v. AT & T Corp.*, 918 F.Supp. 1059, 1065

---

1. A case must also satisfy certain threshold conditions for transfer under 28 U.S.C. § 1404(a) to be proper. First, transfer of venue is proper under section 1404(a) only if the transferor court is a proper venue for the action. This court is a proper venue in this removed state court case as "the district court of the United States for the district and division embracing the place where [the state court action was] pending." 28 U.S.C. § 1441(a). Second, section 1404(a) requires that the prospective transferee court be a "district or division where [the case to be transferred] might have been brought." The Southern District of Florida is such a district because it would be a proper venue for the action under 28 U.S.C. § 1391 and it has personal jurisdiction over both defendants.

Venue would be proper there under § 1391(a)(1) and (a)(2). Both defendants reside in the Southern District of Florida for venue purposes. Venue is proper in that district as "a judicial district where any defendant resides, if all defendants reside in the same state." 28 U.S.C. § 1391(a)(1). Venue is also proper in the Southern District of Florida as a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The district court in the Southern District of Florida has personal jurisdiction over Shellington because she resides in Palm Beach Gardens, Florida and over LRP because its principal place of business is in Florida.

(S.D.Tex.1996); *see also Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966).

 Section 1404(a) permits transfer of venue when such transfer would be "[f]or the convenience of parties and witnesses, and in the interest of justice." The district court adjudicates motions to transfer through "individualized, case-by-case consideration[s] of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). "A motion to transfer thus calls on the district court to weigh in the balance a number of case-specific factors." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988); *see also Hogan v. Malone Lumber, Inc.*, 800 F.Supp. 1441, 1443 (E.D.Tex.1992); *Frazier v. Commercial Credit Equip. Corp.*, 755 F.Supp. 163, 166 (S.D.Miss.1991); *Fletcher v. Southern Pacific Transp. Co.*, 648 F.Supp. 1400, 1401 (E.D.Tex.1986).

 Both private and public interest factors influence the court's transfer determination. Private interest factors involve the preferences and conveniences of the parties and witnesses in the case. They include: (1) the availability and convenience of witnesses and parties, (2) the cost of obtaining the attendance of witnesses and other trial expenses, (3) the location of books and records; (4) the place of the alleged wrong; (5) the plaintiff's choice of forum; (6) the possibility of delay and prejudice if transfer is granted; and (7) the location of counsel. *See LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1059 (S.D.Tex.1998); *Dearing*, 1 F.Supp.2d at 664; *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *Hogan*, 800 F.Supp. at 1443. The public interest factors address broader objectives, such as the fair and efficient administration of the judicial system. *See, e.g., Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879–880 (3d Cir.1995). The court must determine whether the balance of the public and private interest factors "strongly outweighs the plaintiff's choice of forum" such that transfer is appropriate. *See Henderson*, 918 F.Supp. at 1068.

*(A) Private Interest Factors*

 In this lawsuit, plaintiffs assert tort claims similar in form to intellectual property infringement claims. Courts have observed that "[i]ntellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore the location of the alleged infringer's principal place of business is often the critical and controlling consideration" in adjudicating transfer of venue motions. *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F.Supp. 470 (N.D.Ill.1992); *Anadigics, Inc. v. Raytheon Co.*, 903 F.Supp. 615 (S.D.N.Y.1995). This case confirms that general observation. The case involves defendants' alleged misappropriation of information in plaintiffs' database. LRP suggests that one of its defenses will be that its own staff independently obtained and compiled the relevant information in LRP's database. (Docket Entry No. 14, Declaration of Kenneth F. Kahn, ¶ 9). The cause of action focuses on defendant LRP's conduct at its principal place of business in Florida. The operative facts occurred there, and the relevant witnesses and documents are located there. The analysis below shows that, considering each factor in turn, the balance of the private interest factors strongly favors transfer of the action.

*(1) The Availability and Convenience of Witnesses and Parties*

 This factor "is arguably the most important of the factors listed." *LeBouef*, 20 F.Supp.2d at 1060; *see also Henderson*, 918 F.Supp. at 1066; *Dupre*, 810 F.Supp. at 825; *Quicksilver, Inc. v. Academy Corp.*, 1998 WL 874929, at *2 (N.D.Tex.1998). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *LeBouef*, 20 F.Supp.2d at 1060. "[T]he moving party must offer more than mere

allegations that certain key witnesses are not available or are inconveniently located. Instead, the movant must specifically identify the key witnesses and outline their testimony." *Id.* (citation omitted).

■■■■ The primary focus of this inquiry is to ensure the availability of the identified witnesses to testify at trial. *See LeBouef* at 1060. The analysis favors a forum in which the parties will be able to compel the key witnesses to testify. 17 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 111.13[1][g] (3d ed.1999). When the "key witnesses are ... employees of the party seeking transfer, their convenience is entitled to less weight because that party will be able to compel their testimony at trial." *Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1397 (S.D.Tex.1992); *see LeBouef,* 20 F.Supp.2d at 1060 ("[W]here these anticipated witnesses are employees of the party seeking transfer, the sympathy of this Court is forfeited."); *cf. Quicksilver, Inc.,* 1998 WL 874929 at *2 ("[T]he availability and convenience of party-witnesses is generally insignificant because a transfer based on this factor would only shift the inconvenience from movant to non-movant.").

■■■■ The convenience of expert witnesses weighs little in the analysis. *Fletcher,* 648 F.Supp. at 1403; *Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 693

(S.D.N.Y.1994); *Gdovin v. Catawba Rental Co.,* 596 F.Supp. 1325, 1327 (N.D.Ohio 1984); 17 MOORE'S FEDERAL PRACTICE § 111.13[1][f][iv] (3d ed.1999). **The AVAILABILITY AND CONVENIENCE OF NONPARTY WITNESSES RATHER THAN THAT OF PARTY AND EXPERT WITNESSES IS ACCORDED THE GREATEST WEIGHT IN A TRANSFER OF VENUE ANALYSIS.** *State Street Capital Corp. v. Dente,* 855 F.Supp. 192, 198 (S.D.Tex.1994).

Defendants identify a number of witnesses, including several nonparty witnesses, who live and work in Florida and whose testimony will be required.[2] Defendants argue that these witnesses will be inconvenienced unless this court transfers the case to Florida. In response, plaintiffs list the following witnesses: Doris and Gary Hardin, owners of the plaintiff corporations; other unidentified employees of plaintiffs; and Dr. Kenneth E. Lehrer, an economist plaintiffs have retained as an expert witness. All are Texas residents who plaintiffs assert will be inconvenienced if this court transfers this case to Florida.[3] The plaintiffs have identified only the Hardins and Dr. Lehrer as witnesses they intend to call at trial.

The location of nonparty fact witnesses is the primary consideration in assessing this factor. The only identified nonparty fact witnesses reside in Florida. Most of the identified party witnesses live and

---

2. Defendants identify the following party witnesses, all of whom reside in Florida: Kenneth Kahn, President of LRP; Jana Shellington, Vice–President of LRP; and thirteen other identified employees involved in or responsible for LRP's research, data collection and analysis, production, marketing and database maintenance activities. (Docket Entry No. 15, p. 15 and Declaration of Kenneth F. Kahn, ¶ 9). More importantly, defendants intend to call the following nonparty witnesses, both of whom reside in Florida and cannot be compelled to testify in federal court in Texas: Jeanine Lerner and Wendy Werb, both former employees of LRP. (Docket Entry No. 15, Declaration of Kenneth F. Kahn, ¶ 10).

3. Plaintiffs' expert witness lives and works in Houston, Texas. Plaintiffs assert that this fact weighs against transfer of this case. Dr. Lehrer's own affidavit, however, shows that he has provided his services in cases pending all over the country, including California, Ohio, Nevada, Maryland, New York, New Mexico, and Louisiana, as well as Texas. Dr. Lehrer's affidavit belies any suggestion that he would be unwilling to testify in Florida or that traveling to Florida to testify would be particularly inconvenient for him. *See Fletcher,* 648 F.Supp. at 1402–1403 (holding that, in light of the frequency with which expert gave testimony at trials, it was unlikely that amenability to process would play any significant role in whether he would testify in person at trial).

work in Florida. The location of plaintiffs' expert witness in .Texas exerts little influence in this analysis. This factor supports transfer of the case.

### (2) The Cost of Obtaining Attendance of Witnesses and Other Trial Expenses

Plaintiffs argue that it would be costly to make their employees and experts available to testify in Florida. Defendants respond that it would be costly to make their employees and witnesses available to testify in Texas. Undoubtedly, plaintiffs' litigation expenses would be reduced if this court retained this case, and defendants' would be reduced if this court transferred it. Transfer is proper when it would serve the efficient administration of justice and "not simply shift the inconvenience from one party to another." *Boyd v. Snyder*, 44 F.Supp.2d 966, 969 (N.D.Ill. 1999). The transfer of the claims against both Shellington and LRP to the Southern District of Florida, where venue is proper and both defendants are subject to the personal jurisdiction of the court, would be less costly to both plaintiffs and defendants than the possibility of prosecuting separate suits. This factor weighs in favor of transfer.

### (3) The Location of the Books and Records

Both sides assert that their databases are large, immovable, and important to discovery and trial. (Docket Entry No. 22, Affidavit of Doris Hardin, p. 2; Docket Entry No. 15, Declaration of Kenneth F. Kahn, ¶ 12). Plaintiffs' database is in Texas, defendants' in Florida. The parties seem to agree that defendant LRP's database is much larger and more difficult to transfer than plaintiffs' database. (Docket Entry No. 22, Affidavit of Doris Hardin, pp. 1–2). Defendants also assert that many critical documents, including printed versions of LRP's publications and records of its independent research and data collection, are located in Florida. (Docket Entry No. 22, Declaration of Kenneth F.

Kahn, ¶ 11). Plaintiffs have not submitted evidence of any critical documents located in Texas. This factor favors transfer.

### (4) The Place of the Alleged Wrong

The place of the alleged wrong is a significant factor in the transfer analysis. *See Robertson*, 979 F.Supp. at 1108; *Henderson*, 918 F.Supp. at 1067; *Dupre*, 810 F.Supp. at 827. Plaintiffs allege that defendants received access in Florida to plaintiffs' jury verdict database and misappropriated from that database by selling it to Lexis/Nexis and Westlaw, both national companies. These allegations form the basis of plaintiffs' commercial tort claims. Defendants' alleged wrongful conduct occurred primarily in Florida, not in Texas. This factor favors transfer.

### (5) Plaintiff's Choice of Forum

The plaintiff's choice of forum is normally given deference, especially when the forum is the plaintiff's "home." *See Dearing*, 1 F.Supp.2d at 665; *Robertson*, 979 F.Supp. at 1108–09; *Henderson*, 918 F.Supp. at 1067–68; *Dupre*, 810 F.Supp. at 828; *United Sonics, Inc. v. Shock*, 661 F.Supp. 681, 683 (W.D.Tex.1986). This choice is rarely disturbed unless the other factors weigh strongly in favor of transferring the case. *See Henderson*, 918 F.Supp. at 1068.

Plaintiffs are Texas corporations with their principal places of business in Houston, Texas. The Southern District of Texas is their "home" federal forum. Plaintiffs' choice to initiate this case in state court in Texas, and their desire to proceed in the Southern District of Texas after the removal of the case from Texas state court, weighs against transfer.

### (6) The Possibility of Delay and Prejudice if Transfer is Granted

"When considering a § 1404(a) motion to transfer, '[a] prompt trial ... is not without relevance to the convenience of parties and witnesses and the interest of

justice.'" *Dupre*, 810 F.Supp. at 827 (quoting *Fannin v. Jones*, 229 F.2d 368, 369–70 (6th Cir.1956)) (alterations in original). Neither party has suggested that a transfer to Florida would result in a substantial delay in the resolution of this case. This factor does not affect this court's analysis.

### (7) The Location of Counsel

■ This factor "is entitled to the least consideration of the factors relevant to a transfer motion." *Henderson*, 918 F.Supp. at 1066; *see also Dupre*, 810 F.Supp. at 826. Neither party has argued that the location of counsel is relevant to the section 1404 determination. This factor does not affect this court's analysis.

### (B) Public Interest Factors

■ The public interest factors relevant to the section 1404(a) analysis concern the societal interest in the fair and efficient administration of justice. Conservation of judicial resources is a primary consideration. This factor favors transfer of venue if transfer would enable different cases involving the same parties or issues to be heard in a single forum. *See Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [section] 1404(a) was designed to prevent."); *Andrade v. Chojnacki*, 934 F.Supp. 817, 834 (S.D.Tex.1996) (holding that transfer was favored where it would avoid duplicative litigation); *Brock v. Entre Computer Centers, Inc.*, 740 F.Supp. 428, 432 (E.D.Tex. 1990) (holding that the interests of justice favored transfer where prospective transferee court had previously adjudicated cases involving the same defendant and similar issues).

The presence of a similar pending case in the Southern District of Florida supports transfer of this case to that district. In that case, filed in the Northern District of Illinois, Law Bulletin Publishing Company ("LBPC") alleged that Joanne Fiore, a vice president of LRP, had subscribed to LBPC's jury verdict research publications. Fiore allegedly "copied or conveyed" the information in LBPC's publications to LRP, which marketed the information to third parties. LBPC alleged that this conduct breached the subscription agreement Fiore signed with LBPC; violated Illinois statutory law; violated the Lanham Act, 15 U.S.C. § 1125; and constituted unfair competition under common law. On January 30, 1998, the district court in the Northern District of Illinois granted LRP's motion for transfer of venue to the Southern District of Florida. *Law Bulletin Publishing, Co. v. LRP Publications, Inc.*, 992 F.Supp. 1014, 1021 (N.D.Ill.1998).

On June 18, 1998, the district court in the Southern District of Florida granted in part and denied in part defendant LRP's motion for partial summary judgment, dismissing LBPC's claims based on the common law of unfair competition and Illinois' Uniform Deceptive Trade Practices Act. *Law Bulletin Publ'g Co. v. LRP Publications, Inc.*, No. 98–8122, slip op. at 5–14 (S.D.Fla. June 18, 1998). The court ruled that these two claims were preempted by federal copyright law. *Id.* The remaining breach of contract and Lanham Act claims proceeded to jury trial on the question of liability only. The jury found LRP liable on the contract claim. *Law Bulletin Publ'g Co. v. LRP Publications, Inc.*, No. 98–8122, slip op. at 1 (S.D.Fla. March 5, 1999). The damages portion of the case is pending.

Because the instant case is very similar to the case pending in the Southern District of Florida, the court handling the Florida case is familiar with the facts and the critical legal issues both cases present; especially, the preemptive effect of federal copyright law and the discovery of sensitive proprietary information. *See Law Bulletin Publ'g Co. v. LRP Publications, Inc.*, No. 98–8122, slip op. at 7 (S.D.Fla. October 16, 1998) (granting in part LRP's motion

to compel responses to interrogatories and requests for production and discussing plaintiff's concern for proprietary interests); *Law Bulletin Publ'g Co. v. LRP Publications, Inc.*, No. 98–8122, slip op. at 6–7 (S.D.Fla. October 16, 1998) (granting in part LRP's motion for a protective order based on LRP's desire to protect sensitive proprietary information). Given the Florida district court's familiarity with the substantive legal issues and case management challenges this case will present, transfer of this case to the Southern District of Florida would serve judicial economy. *See Brock*, 740 F.Supp. at 432 (holding that the fact that the prospective transferee court had previously adjudicated cases involving the same defendant and similar issues weighed in favor of transfer), *cf. Fairfax Dental (Ireland) Ltd. v. S.J. Filhol Ltd.*, 645 F.Supp. 89, 92 n. 2 (E.D.N.Y.1986) ("There is no requirement ... that consolidation be certain before this Court can consider the fact that a related action is pending in the proposed transferee court."). In addition, the United States District Court for the Southern District of Florida would be a proper venue for this suit and would unquestionably have personal jurisdiction over both defendants. The public interest factors favor transfer of this case to the Southern District of Florida.

After carefully considering the appropriate factors, this court finds that they weigh strongly in favor of transferring this case to the United States District Court for the Southern District of Florida, West Palm Beach Division. This court GRANTS the motion to transfer.

## III. Order

This court transfers this case to the federal district court in the Southern District of Florida, West Palm Beach Division, where it may be considered for consolidation or coordination with *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, Case No. 98–8122, pending before the Honorable Kenneth L. Ryskamp. The order to transfer makes the motion to dismiss the claims against Jana Shellington for lack of personal jurisdiction moot. This court does not reach the motions to dismiss based on pleading defects.