### APPAREL PRODUCTION SERVICES, INC., Plaintiff,

v.

### INDIANA TRANSPORT S A DE CV; dba Indiana Transport, et al., Defendants.

Civil Action No. H–07–4098.

United States District Court, S.D. Texas, Houston Division.

Feb. 25, 2008.

Dana Keith Martin, Hill Rivkins et al., Houston, TX, for Plaintiff.

Andres Reyes, Attorney at Law, Laredo, TX, Carlos R. Soltero, McGinnis Lochridge et al., Austin, TX, for Defendants.

### ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER

SAMUEL B. KENT, District Judge.

Plaintiff brings this action against Defendants for damages sustained when a shipment of goods was stolen by armed gunmen in Nuevo Laredo after crossing the U.S.-Mexico border. Plaintiff Apparel Production Services, Inc. was the shipper of the cargo in question. Defendant Trafago Forwarding, Inc. ("Trafago") was the freight forwarder responsible for getting the cargo from Laredo, Texas into Mexico.[1] Now before the Court is Trafago's Motion to Transfer Venue to the Southern District of Texas, Laredo Division (Doc. No. 10). For the reasons outlined below, the Motion is **GRANTED,** and this case is **TRANSFERRED** to the Laredo Division of the Southern District of Texas.

### I. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow. Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (requiring movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on defendant to demon-strate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers both "private and public factors, none of which are given dispositive weight." *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004). The private concerns include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws o[r] the application of foreign law." *Id.* The plaintiff's choice of forum is generally entitled to great deference unless the plaintiff is not a resident of the forum or the operative facts underlying the action occurred elsewhere. *See Peteet,* 868 F.2d at 1436. The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See id.*[2]

### II. Analysis

#### 1. Private Factors

#### A. Ease of Access to Sources of Proof

While Trafago's documents and facilities are located in Laredo, neither Party has given the Court any indication that the

---

1. Indiana Transport, S.A. de CV. ("Indiana") is also a Defendant in this action. Indiana is a Mexican corporation also involved in the shipment of the stolen goods. Indiana has not presented the Court with any briefing regarding Trafago's Motion to Transfer.

2. Plaintiff spends much of its Response arguing that venue is proper in the Houston Division, and therefore, transfer is not warranted. However, it is irrelevant under a § 1404 analysis whether the original venue was legally proper. Transfer may still be appropriate under § 1404 if the requested venue is more convenient that the original one.

sources of proof in this case are so connected to one venue as to make trial in another substantially more or less convenient. Documents are frequently copied for use in litigation and will have to be transported to all Parties, whatever their location. Additionally, there has not been any indication that there are sources of proof located at Trafago's facilities that can be viewed only be visiting that facility. The Court sees nothing in the record that would militate transfer in order to have better access to evidence. Accordingly, this factor does not weigh for or against transfer.

### B. Availability and Cost of Obtaining Attendance of Key Witnesses

In this case, the most likely witnesses are Defendants' employees. All of Trafago's employees are located in Laredo or Nuevo Laredo. While the Parties may not be able to compel any residents of Nuevo Laredo to testify, a trial in Laredo would make their voluntary appearance more likely. Plaintiff is a California corporation and it claims that witnesses will come from California, North Carolina, New York, Tennessee, Pennsylvania, Mexico, Waco, Laredo, and Houston. With witnesses scattered all over America, a trial in either Houston or Laredo will be inconvenient for some and convenient for others. Given that the plurality of witnesses are in the Laredo area, this factor weighs in favor of transfer.

### C. Other Practical Problems

Neither Party has presented the Court with any other relevant private interest issues.

### 2. Public Factors

### A. Administrative Difficulties Flowing from Court Congestion

This factor does not weigh for or against transfer. Neither the Houston nor Laredo Divisions are so congested that this case should proceed in one division or the other. Additionally, this case has been on file less than three months, so a transfer at this stage would not result in substantial delay.

### B. Local Interest

This factor is the deciding factor in the analysis of this motion. According to Plaintiff, the investigation and adjustment of this loss were accomplished from Houston. Other than that minor connection, every other operative fact at issue in this case occurred in Laredo or just across the border in Nuevo Laredo. The citizens of the Laredo Division have a strong interest in the security of commerce across the border. The citizens of the Houston Division, who would be asked to serve as jurors in this case, have only a passing interest in a dispute involving mainly Laredo parties over an incident that took place directly across the border. This factor weighs strongly in favor of transfer.

### C. Familiarity with Applicable Law

This Court and its sister courts in the Laredo Division are equally well equipped to apply the applicable law. Therefore, this factor does not weigh for or against transfer.

### D. Avoidance of Conflict of Law Issues

This factor is inapplicable to this case.

### 3. Plaintiffs Choice of Forum

Since Plaintiff is not a resident of this Division, and this case has almost nothing to do with this Division, Plaintiff's choice of forum is entitled to little deference. *See Robertson v. M/V Cape Hunter*, 979 F.Supp. 1105, 1109 (S.D.Tex.1997) (finding

that the plaintiff's choice of forum was "entitled to little or no deference" when the plaintiff did not live in the Southern District of Texas and the case had "no significant connection to this forum"). While the Court is flattered by Plaintiff's desire to pursue its claims here, the Court finds that Plaintiff's choice does not support retention of this case when other applicable factors weigh in favor of transfer.

## III. Conclusion

For the reasons outlined above, the Court finds that Defendant's Motion to Transfer Venue should be **GRANTED**. Accordingly, this case is **TRANSFERRED** to the Laredo Division of the Southern District of Texas. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date. All other pending Motions are left to the discretion of the transferee court.

**IT IS SO ORDERED.**