**Lance LEBOUEF**

v.

**GULF OPERATORS, INC., F/K/A Bordelon Brothers Towing Co., N/K/A Bordelon Marine, Inc. and Bordelon Marine, Inc.**

**Civil Action No. G–98–131.**

United States District Court,
S.D. Texas,
Galveston Division.

Sept. 17, 1998.

Ronald L White, Brown Sims Wise & White, Houston, TX, pro se.

Francis I Spagnoletti, Spagnoletti & Assoc, Houston, Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Plaintiff.

Robert Seth Reich, Reich Meeks and Treadaway, Metairie, LA, for Defendants.

### ORDER DENYING MOTION TO TRANSFER VENUE

KENT, District Judge.

This is a personal injury case arising under the Jones Act, 48 U.S.C. § 688 *et seq.* and general maritime law. Plaintiff allegedly was injured on May 4, 1997 while serving as Second Captain aboard the M/V JIM BORDELON. He filed this claim against Defendant on March 10, 1998. Now before the Court is Defendant's Motion to Transfer Venue of June 19, 1998. For the reasons set forth below, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL SUMMARY

In the spring of 1997, Plaintiff, a resident of Louisiana, served as Second Captain aboard the M/V JIM BORDELON while the vessel was chartered to a survey company working off the coast of Texas. On May 4 of that year, the vessel was assisting in surveys off the coast of High Island, Texas. During a period of heavy seas, Plaintiff allegedly suffered an injury to his back when he was thrown from his bunk. He did not receive medical attention until he went to a hospital emergency room after leaving the vessel. On March 10, 1998, Plaintiff filed suit against Defendant in the United States District Court for the Southern District of Texas, Galveston Division.

Defendant subsequently filed a Motion to Transfer Venue to the Eastern District of Louisiana based on 28 U.S.C. § 1404(a) and a forum selection clause contained in the agreement that Plaintiff signed upon taking employment with Defendant on November 2, 1993.

## II. ANALYSIS

Defendant seeks a transfer to the Eastern District of Louisiana based on 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Defendants bear the burden of demonstrating to the Court that it should, in its sound discretion, decide to transfer the action. *See Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (holding that the decision to transfer rests within the sound discretion of the district court); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred).

■ The Court weighs the following factors when deciding whether a venue transfer is warranted: the availability and convenience of witnesses and parties, the location of counsel, the location of books and records, the cost of obtaining attendance of witnesses and other trial expenses, the place of the alleged wrong, the possibility of delay and prejudice if transfer is granted, and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines v. American Airlines,* 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of

the policies underlying § 1404(a)). Where a forum selection clause purports to govern choice of venue, the Court must address the convenience of the chosen forum given both parties' expressed preference for that venue.[1] *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29–30, 108 S.Ct. 2239, 2244, 101 L.Ed. 2d 22 (1988). Moreover, the Court may also consider the relative bargaining power of the parties in assessing the effect of a forum selection clause on the resolution of a § 1404(a) motion. *Id.* at 29, 108 S.Ct. at 2244. Where, as here, transfer is sought to a venue presided over by remarkably competent and experienced jurists, the Court makes such analysis with exceeding care.

■ The forum selection clause signed by Plaintiff states in significant part:

> I hereby agree that any and all disputes and matters whatsoever arising under, in connection with, or incident to my employment with this company ... shall be litigated if at all, in and before the United States District Court for the Eastern District of Louisiana or a court of proper jurisdiction and venue in the parish or county of my current residence, to the exclusion of the courts of any other state or any other country.

In addition to the forum selection clause, Defendant cites the convenience and availability of parties and witnesses, the expense of trial, and the location of documentary evidence as factors supporting transfer of venue to the Eastern District of Louisiana, a District with legendary maritime experience.

### 1) *Availability and Convenience of Witnesses and Parties*

Given the preference expressed by both parties for the Eastern District of Louisiana

---

**1.** The Fifth Circuit has stated that attempts in diversity cases to enforce forum selection clauses through § 1404(a) motions to transfer venue are analyzed under the *Stewart* approach rather than the approach articulated by the Supreme Court in *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972) and *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991), with respect to motions to dismiss. *See International Software Systems, Inc., v. Amplicon, Inc.,* 77 F.3d

112, 115 (5th Cir.1996). Section 1404(a) governs motions to transfer to a more convenient forum in actions brought as admiralty claims in federal court just as it does in federal court diversity actions. *See Continental Grain Co. v. the FBL–585,* 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). Consequently, this Court must analyze § 1404(a) transfer motions seeking to enforce forum selection clauses under the standard announced in *Stewart.*

through the forum selection clause, *see id.* at 29–30, 108 S.Ct. at 2244, the convenience of the parties presumably would be better served by transfer to that district.[2] But that single paragraph, signed by Plaintiff almost four years ago, by no means ends the inquiry into whether this case should be transferred.

■ The availability and convenience of witnesses is arguably the most important of the factors listed. *See Dupre*, 810 F.Supp. at 825, 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3851 at 415 (1986). As this Court explained in *Continental Airlines*, 805 F.Supp. at 1396, a court must focus primarily upon the availability and convenience of *key* witnesses. The convenience of one key witness may outweigh the convenience of numerous less important witnesses. *See, e.g., Young v. Armstrong World Indus., Inc.*, 601 F.Supp. 399, 401–02 (N.D.Tex.1984). Moreover, the moving party must offer more than mere allegations that certain key witnesses are not available or are inconveniently located. *See, e.g., Dupre*, 810 F.Supp. at 825. Instead, the movant must specifically identify the key witnesses and outline their testimony. *Id.* Here, Defendant has provided neither the names of its potential witnesses nor the substance of their anticipated testimony.

Defendant argues that its potential witnesses all reside in Louisiana and are not subject to compulsory service of process in Texas. The Court recognizes the difficulties presented by this situation. However, where these anticipated witnesses are employees of the party seeking transfer, the sympathy of this Court is forfeited. Here, the potential witnesses are employees of Defendant; such witnesses can be compelled by Defendant to attend the trial. *Id.* Moreover, as all of these witnesses are seamen, the nature of their work may likely render them unavailable for trial, in any venue, thus requiring the parties to submit their testimony in the form of depositions. *Id.* at 826–27. That can be done with equal ease in any court.

### 2) *Location of Books and Records*

According to Defendants' Motion to Transfer, all records pertinent to Plaintiff's employment and Defendant's operations are in Louisiana. A personal injury action is typically not the type of action where the location of books and records is of paramount importance, however; instead, "the liability question is usually proven through eye witnesses rather than documents . . . ." *Id.* Moreover, "the damages issue . . . usually does not involve enough documents as to be an overwhelming factor." *Id.* The Court disagrees with Defendant's argument that this case should be transferred because the pertinent documents are in Louisiana. The Court finds little inconvenience inherent in bringing, if necessary, those records to Galveston. *See Continental Airlines*, 805 F.Supp. at 1397 (observing in a personal injury case that "it is unlikely that all . . . relevant documents will be needed for trial and . . . [could] be produced and examined anywhere for discovery purposes."). Moreover, the Court finds dubious any contention that the amount of records requiring transfer to Galveston for the trial of this case is prohibitive; therefore, it places little weight in this factor under the present facts.

### 3) *Trial Expenses*

Defendant argues that both parties' witnesses will be subjected to increased inconvenience and expense if they are required to come to Galveston for trial of this case. In any case, parties must encounter certain unavoidable costs and encumbrances in going to trial. Although trial in Galveston may be more expensive than trial in the Eastern District of Louisiana, Defendant has produced no evidence that it would be oppressively so. Defendant found the means to conduct extensive business operations in this Division. Its expenses in attending a brief trial here will likely be trivial in comparison, and it should benefit from advances in communication, transportation, and the preservation of testimony that have rendered formerly oppressive costs surmountable in most

---

**2.** This Court recognizes, of course, that if the forum selection clause in this case was part of a contract of adhesion between parties of unequal bargaining power, enforcing it under an assumption that it faithfully represented the preference of both Defendant and Plaintiff would perhaps not serve the interests of justice. *See Stewart*, 487 U.S. at 29, 108 S.Ct. at 2244.

cases. *See Dupre,* 810 F.Supp. at 827. Moreover, this Court's liberal policy of allowing deposition testimony at trial, which may in fact be a necessity in this case because of the number of potential seaman witnesses, should also keep costs down.

### 4) *Place of the Alleged Wrong*

Plaintiff was injured on the waters off of High Island, not far from Galveston. Moreover, the M/V JIM BORDELON presumably continues to ply the waters near Texas. Therefore, the Court finds that the residents of the Galveston Division have more than a passing interest in the outcome of this litigation and the safety of operations aboard the M/V JIM BORDELON. *Cf. Continental Airlines,* 805 F.Supp. at 1399 ("Plaintiffs alleged Defendants engaged in ... violation of the ... law; to the extent residents in the Galveston Division suffered from these actions ... it cannot be said that they have no interest in the outcome of this litigation.").

### 5) *Possibility of Delay or Prejudice if Transfer is Granted*

Although the preference expressed in the signed forum selection clause in a sense speaks both for Plaintiff in his choice of forum and for the convenience of the parties, *see Stewart,* 487 U.S. at 29, 108 S.Ct. at 2244, the interests of fairness demand additional consideration. This Court is obligated to consider the relative bargaining power of each of the parties to this forum selection clause before determining whether it may be enforced, *see id.,* an obligation that is heightened when one of the parties to such an agreement is a seaman. The particular vulnerabilities of seamen and the substantial risks they face in their work have made them the "wards of the court." *See Spinks v. Chevron Oil Co.,* 507 F.2d 216, 223 (5th Cir. 1975). Contracts of adhesion containing forum selection clauses are a legitimate risk for job-seeking seamen, who are uniquely subject to overreaching by employers, and should be a red flag for admiralty courts, the seaman's traditional protectors. This Court cannot close its eyes to instances of potential abuse where bargaining power between parties is unequal. *Cf. Carnival Cruise Lines,*

499 U.S. at 595, 111 S.Ct. at 1528 (upholding a forum selection clause and noting that the passengers had enjoyed the option of rejecting the contract with impunity). Were this Court to grant Defendant's motion, significant delays will necessarily occur in the transfer to the Eastern District of Louisiana. Almost a year and a half has passed since Plaintiff's injury; the further delay caused in the resolution of this matter would work a great hardship on Plaintiff unnecessarily. Although Defendant bears the burden of demonstrating that transfer is proper, it has failed to establish any valid basis for such an outcome. *See Dupre,* 810 F.Supp. at 828 (a prompt trial "is not without relevance to the convenience of parties and witnesses and the interest of justice"); *Sanders v. State Street Bank,* 813 F.Supp. 529, 536 (S.D.Tex.1993) (Kent, J.).

## III. CONCLUSION

For the above reasons, the Court finds Defendant's argument for a transfer of venue based on its forum selection clause unpersuasive. *See Time,* 366 F.2d at 698 (5th Cir. 1966) (holding that the defendant bears the burden of demonstrating that the action should be transferred). In the Court's view, the existence of a forum selection clause does not outweigh the interests of the judicial system and this Plaintiff in avoiding unreasonable delays or this Court's obligation to see that Plaintiff and other seamen similarly situated are treated with fundamental fairness. Further, with regard to the witnesses, documents, and evidence relevant to this case, the inconvenience caused by retaining venue in this Court is insignificant given recent advances in travel, communications technology, and trial testimony preservation.

Therefore, the Court declines to disturb the forum chosen by Plaintiff and introduce the likelihood of delay inherent in any transfer simply to avoid the relatively small inconvenience that Defendant *may* suffer by litigating this matter in Galveston rather than the Eastern District of Louisiana. Although Plaintiff is not a resident of the Galveston Division, he has chosen to file his suit here, and the Court finds no factors that outweigh this choice. *See United Sonics, Inc. v.*

*Shock,* 661 F.Supp. 681, 683 (W.D.Tex.1986) (plaintiff's choice of forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"); *Dupre,* 810 F.Supp. at 828.

For the reasons stated above, Defendant's Motion to Transfer Venue is hereby **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**