Floyd BARNETT, Plaintiff,

v.

KIRBY INLAND MARINE,
INC., Defendant.

No. CIV.A. G–02–011.

United States District Court,
S.D. Texas,
Galveston Division.

April 24, 2002.

Lawrence Blake Jones, Scheuermann and Jones, David C Whitmore, Scheuermann & Jones, New Orleans, LA, for Floyd Barnett, plaintiff.

Jad J Stepp, Halla & Purcell, Houston, TX, for Kirby Inland Marine, Inc., defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

KENT, District Judge.

This is a tort case arising in admiralty wherein Plaintiff Floyd Barnett ("Barnett") seeks to recover damages from his employer, Defendant Kirby Inland Marine, Inc. of Mississippi ("Kirby Inland"),[1] for injuries allegedly sustained while working aboard the M/V CITY OF PITTSBURGH in the navigable waters of Indiana. On March 20, 2002, Defendant filed a Motion to Transfer Venue to the Pine Bluff Division of the Eastern District of Arkansas. For the reasons articulated below, Defendant's Motion is hereby **DENIED.**

### I.

Defendant seeks a transfer pursuant to the Court's discretionary venue powers under 28 U.S.C. § 1404(a). Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

Defendant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring defendant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). The decision to transfer a case rests within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *Jarvis Christian Coll. v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) ("Decisions to effect a 1404 transfer are committed to the sound discretion of the transferring judge, and review of a transfer is limited to abuse of that discretion."); *Marbury–Pattillo Constr. Co. v. Bayside Warehouse Co.*, 490 F.2d 155, 158 (5th Cir.1974) (declaring that a transfer of venue is within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion).

In determining whether a venue transfer is warranted, the Court considers the following factors: the availability and convenience of witnesses and parties; the location of counsel; the location of perti-

---

**1.** Apparently, Plaintiff improperly designated Defendant Kirby Inland Marine, Inc. of Mississippi as Kirby Inland Marine, Inc. in his *Complaint*.

nent books and records; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1065 (S.D.Tex.1996) (Kent, J.); *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993) (Kent, J.); *Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (Kent, J.) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

## II.

■ As an initial matter, the Court observes that the "where it might have been brought" language contained in § 1404(a) refers to the statutes governing jurisdiction and venue in the federal courts. *Van Dusen v. Barrack,* 376 U.S. 612, 624, 84 S.Ct. 805, 813, 11 L.Ed.2d 945 (1964). Thus, a court may not grant a § 1404(a) transfer motion unless, at the time suit was filed, venue could have been properly laid in the proposed transferee court, such that the transferee court could have exercised subject matter jurisdiction over the action, as well as personal jurisdiction over all of the defendants to the action. *Liaw Su Teng v. Skaarup Shipping Corp.,* 743 F.2d 1140, 1148 (5th Cir.1984).

■ Although 28 U.S.C. § 1391 typically governs venue considerations in civil actions, the Federal Rules of Civil Procedure provide unique venue provisions for cases brought in admiralty under Rule 9(h). See Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein. An admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for the purposes of Title 28, U.S.C., §§ 1391–93."); *see also Riv-*

*er/Gulf Marine v. Ritchey,* No. CIV.A. 99–0489, 1999 WL 169462, at *1 (E.D.La. Mar.24, 1999) ("Rule 82 of the Federal Rules of Civil Procedure specifically provides that 28 U.S.C. § 1391 does not apply to admiralty actions."). Consequently, with respect to this case, the propriety of venue is not determined by the venue restrictions set forth in 28 U.S.C. § 1391(b). *See American Home Assurance Co. v. Glovegold, Ltd.,* 153 F.R.D. 695, 698 (M.D.Fla.1994) ("Contrary to Plaintiff's belief, venue in admiralty cases is not governed by 28 U.S.C. § 1391."). Instead, in admiralty claims, courts have long interpreted Rule 82 to mean that venue lies wherever a district court has personal jurisdiction over the defendant. *See, e.g., In re McDonnell–Douglas Corp.,* 647 F.2d 515, 516 (5th Cir.1981) ("[T]he general admiralty practice prevails, in which venue and personal jurisdiction analyses merge. If the action is in personam, venue lies wherever valid service could have been made...."); *see also H & F Barge Co. v. Garber Bros., Inc.,* 65 F.R.D. 399, 405 (E.D.La.1974) ("[I]t is clear that the venue of an in personam action in admiralty lies wherever the court has jurisdiction of the parties.").

■ In the instant case, Defendant Kirby Inland requests a transfer to the Pine Bluff Division of the Eastern District of Arkansas. However, the Court queries whether venue could have been properly laid in either the Pine Bluff Division or the Eastern District of Arkansas, so as to satisfy the "where it might have been brought" language under § 1404(a). The Parties concur that Kirby Inland is a Delaware corporation with its principal place of business either in Baton Rouge, Louisiana (according to Defendant), or in Houston, Texas (according to Plaintiff). Regardless of the exact location of Defendant's principal place of business, it is clear from the

record that Defendant is not a resident of the state of Arkansas. As a nonresident defendant, Kirby Inland would only be subject to personal jurisdiction in an Arkansas court if it had "minimum contacts" with the state, and· if requiring Defendant to litigate in Arkansas would not offend "traditional notions of fair play and substantial justice."[2] Here, however, Defendant does not aver, much less present one iota of evidence, demonstrating that it has the requisite minimum contacts with the state of Arkansas to warrant the invocation of personal jurisdiction over it. Defendant does not plead that it conducts any business in the state of Arkansas, or maintains any offices or employees in that state. Ironically, the only apparent connection between this case and the state of Arkansas is Plaintiff's place of residency. Based on these facts, the Court is compelled to conclude that an Arkansas court could not exercise personal jurisdiction over Defendant.· If this is the case, the Pine Bluff Division of the Eastern District of Arkansas is clearly not a district or division where Plaintiff's suit might have been brought, and this Court is therefore not privileged to transfer this action pursuant to its discretionary venue powers under § 1404(a).

Furthermore, even if this lawsuit could have originally been brought in the Eastern District of Arkansas, and this Court were to reach the merits of Defendant's Motion, the Court would nonetheless decline to transfer venue. Defendant maintains that Plaintiff's case should be transferred to the Pine Bluff Division of the Eastern District of Arkansas principally because: (1) no witnesses reside in the Southern District of Texas; (2) Plaintiff

resides in Arkansas; (3) Defendant is a Delaware corporation with its principal place of business in Baton Rouge, Louisiana; (4) the alleged incident occurred in the navigable waters of Indiana; and (5) the possibility of delay is minimal since Plaintiff only recently filed this lawsuit on January 9, 2002. In response, Plaintiff points out that: (1) Defendant fails to identify any specific witnesses and their likely testimony; (2) Defendant's principal place of business is in Houston, Texas; (3) Defendant has retained counsel in the Southern District of Texas, and Plaintiff has employed counsel in Louisiana; and (4) relevant records can be found in Houston, Texas, and Baton Rouge, Louisiana.

1. *Availability and Convenience of the Witnesses and Parties*

 The Court has previously opined that the convenience of key witnesses is the most important factor in a motion to transfer venue. *See Gundle Lining Constr. Co. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994); *Continental Airlines*, 805 F.Supp. at 1396. At an absolute minimum, a Defendant must identify key witnesses and provide a brief summary of their likely testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in Galveston. *See LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998) (Kent, J.). Without a realistic and comprehensive summary of the testimony, it is impossible for the Court to determine if a witness' appearance is cumulative or unnecessary for trial. In the instant case, Defendant vaguely contends that Plaintiff's case should be transferred

---

**2.** As amended in 1995, Arkansas' long-arm statute reads: "The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amend-

ment of the United States Constitution." Ark. Code Ann. § 16–4–101(b) (Repl.1999). Thus, Arkansas' long-arm statute is limited to the constraints imposed by the Due Process Clause of the Fourteenth Amendment.

because none of the potential fact witnesses reside in the Southern District of Texas. However, and quite importantly, Defendant fails to identify a *single* fact witness by name, much less characterize these witnesses' supposed testimony at trial. Defendant does not even assert that any of the potential fact witnesses reside in the Eastern District of Arkansas. Instead, Defendant exclusively argues that Plaintiff's action should be transferred because none of the witnesses are likely to reside in the Southern District of Texas. It appears from the scant record that sufficient discovery has not yet been conducted in this case. Even assuming that Defendant's assertion is correct, however, this Court cannot and will not justify a venue transfer on the mere basis of hypothetical witnesses and unsubstantiated conjectures. Defendant bears the burden of demonstrating that witnesses would be inconvenienced by litigating this case in Galveston rather than Arkansas. Because Defendant neglects to identify a solitary witness by name, it has failed to meet its formidable burden. Accordingly, the Court finds that this factor does not weigh in favor of transfer.

In addition to balancing the availability and convenience of the witnesses, the Court also considers the location of the parties. In this case, Plaintiff resides in Arkansas. However, Defendant Kirby Inland is a Delaware corporation with its principal place of business either in Baton Rouge, Louisiana (according to Defendant), or Houston, Texas (according to Plaintiff). Although the Parties dispute the exact location of Defendant's principal place of business, it is evident from the record that Defendant at least maintains an office in the Southern District of Texas. As recorded in a Certificate of Documentation issued by the United States Coast Guard, Kirby Inland registered itself as the owner of the M/V CITY OF PITTS-BURGH with an address in Houston, Tex-

as. Furthermore, Kirby Inland avers that its books and records are kept either in Houston, Texas, or Baton Rouge, Louisiana, similarly implying that Defendant maintains an office in Houston. Although Plaintiff may reside in Arkansas, the Southern District of Texas is a convenient forum for Defendant, such that this factor operates only neutrally upon the instant venue inquiry.

### 2. *Location of Counsel*

While this factor is entitled to the least consideration, the Court notes that it does "give some weight to location of counsel if Plaintiff chooses local counsel to bring the suit." *Dupre*, 810 F.Supp. at 826 (recognizing that the vast majority of cases hold that location of counsel is entitled to little or no consideration). In the case at hand, Defendant has retained counsel in the Southern District of Texas. Plaintiff's counsel, although located in Louisiana, obviously does not object to traveling to Galveston. As such, this factor does not favor transfer.

### 3. *Location of Books and Records*

The location of books and records is not of paramount importance in a personal injury action. *See id.* at 826–27 (noting that a personal injury suit is typically not the type of action where books and records are vital); *Continental Airlines*, 805 F.Supp. at 1397 (observing that in a personal injury case "it is unlikely that all ... relevant documents will be needed for trial, and ... documents can be produced and examined anywhere for discovery purposes."). Notwithstanding this fact, by Defendant's own admission, any business records relating to the M/V CITY OF PITTSBURGH or Defendant's general practices and procedures are located in Houston, Texas, or Baton Rouge, Louisiana. Thus, to whatever extent records do

become relevant in this lawsuit, this factor also dictates retention. If certain records in Arkansas or elsewhere do become relevant, the Court finds no inconvenience in transporting these documents to the Galveston Division Courthouse.

### 4. Trial Expenses

Neither Party provides specific information on the expenses and costs associated with trial in Galveston versus Arkansas. This is likely due to the fact that neither Party is able to identify the potential fact witnesses and their respective geographic locations. Based on this paucity of information, the Court concludes that this factor is wholly unimpressive upon the venue analysis.

### 5. Place of the Alleged Wrong

The Court generally considers the place of the alleged wrong to be a very important factor in venue determinations. *See Henderson,* 918 F.Supp. at 1067 (observing that suits by nonresidents can work to delay the trials of resident plaintiffs). However, "this factor, like the other factors, is only part of the equation." *Dupre,* 810 F.Supp. at 827. Here, Plaintiff sustained his injury in the navigable waters of Indiana. Because the alleged wrong did not occur either in Texas or Arkansas, the citizens of both states have only a passing interest in adjudicating this dispute. Accordingly, this factor has a neutral impact upon the venue equation.

### 6. Possibility of Delay and Plaintiff's Choice of Forum

Finally, Plaintiff's decision to litigate this case in the Galveston Division of the Southern District of Texas is entitled to great deference. *See Peteet,* 868 F.2d at 1436; *Carlile v. Continental Airlines, Inc.,* 953 F.Supp. 169, 171 (S.D.Tex.1997) (Kent, J.); *see also United Sonics, Inc. v. Shock,* 661 F.Supp. 681, 683 (W.D.Tex. 1986) (asserting that plaintiff's choice of

forum is "most influential and should rarely be disturbed unless the balance is strongly in defendant's favor"). Although closer scrutiny is warranted when the Plaintiff is not a resident of the Galveston Division, as is the case here, the Court has no reason to believe this is a case of blatant forum shopping. Furthermore, it should not be overlooked that a transfer to the Arkansas will inevitably result in Plaintiff losing significant time in having his claims adjudicated, as this case would go to "the end of the line" in any transferee court, no matter how current the docket may be in the Pine Bluff Division of the Eastern District of Arkansas. While Plaintiff here only recently filed suit on January 9, 2002, this Court has already held a Rule 16 scheduling conference, and given this case a firm trial setting for January of 2003. As such, this likelihood of real delay, combined with some amount of deference to Plaintiff's choice of forum, militates against a transfer to Arkansas.

### II.

Based upon a careful consideration of all of the relevant venue factors, and in light of the specific facts of this case, the Court concludes that Defendant Kirby Inland has failed to carry its burden of demonstrating that the Pine Bluff Division of the Eastern District of Arkansas is a district or division where Plaintiff's suit might have been brought, or that a transfer is necessary to serve the interests of justice or for the convenience of witnesses and parties. The Court therefore declines to disturb Plaintiff's choice of forum and introduce the real likelihood of delay inherent in any transfer simply to avoid the minor inconvenience that Defendant might theoretically suffer by litigating this matter in Texas rather than Arkansas. For all of the reasons set forth above, the Court accordingly

hereby **DENIES** Defendant's Motion to Transfer Venue.

**IT IS SO ORDERED.**