**Alfred HOLMES, Plaintiff,**

v.

**ENERGY CATERING SERVICES, LLC, et al., Defendants.**

**No. G–03–041.**

United States District Court, S.D. Texas, Galveston Division.

June 27, 2003.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for Alfred Holmes.

Robert M. Martina, Law Offices of Henry H. LeBas, Lafayette, LA, Ralph E. Kraft, Preis & Kraft, Lafayette, LA, Henry H. LeBas, Law Offices of Henry H. LeBas, Lafayette, LA, for Energy Catering Services, LLC, Global Industries, Ltd., Global Industries Offshore, LLC.

### ORDER DENYING AS MOOT DEFENDANT ENERGY CATERING SERVICES, LLC'S MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO TRANSFER VENUE

KENT, District Judge.

Plaintiff Alfred Holmes ("Plaintiff") filed this Jones Act and general maritime law action against Defendants Energy Catering Services, LLC ("Energy Catering"), Global Industries Ltd., Global Offshore Industries, LLC, and Global Industries Offshore LLC (collectively, "Global") for injuries he sustained while working as a galley hand aboard Global's drilling vessel, the CHICKASAW. On December 7, 2002, Plaintiff allegedly suffered back injuries when the personnel basket fell to the deck of the crew vessel during a crew transfer.

On March 17, 2003, Defendants filed their Rule 12 Motion to Dismiss or Transfer Venue, in which Energy Catering challenged personal jurisdiction and in which all Defendants objected to venue as improper and, in the alternative, as inconvenient. On April 30, 2003, Plaintiff filed a Motion for Partial Dismissal, asking the Court to dismiss Energy Catering from the case, which this Court granted on May 2, 2003. On June 5, 2003, the Plaintiff timely responded to Defendants' Rule 12 Motion to Dismiss or Transfer Venue. For the reasons articulated below, Defendants' Rule 12 Motion to Dismiss is **DENIED AS MOOT,** and Defendants' Motion to Transfer is **DENIED.**

## I.

### A. Rule 12 Motion to Dismiss

Energy Catering moved to dismiss this case under Rule 12(b)(2) of the Federal Rules of Civil Procedure, alleging that the Court lacked personal jurisdiction over it. Because Energy Catering was subsequently dismissed from this case, its Motion to Dismiss is **DENIED AS MOOT.**

The Global Defendants do not challenge the Court's personal jurisdiction over them. Global enjoys a significant business presence in this District: according to its website, Global's marketing, business development, and information technology departments are headquartered in Houston. Although Global does not object to the Court's jurisdiction, for the sake of clarity, the Court explicitly finds that Global has systematic and continuous contacts with this forum and is therefore subject to personal jurisdiction here. *See, e.g., Access Telecom, Inc. v. MCI Telecomm. Corp.,* 197 F.3d 694, 717 (5th Cir.1999).

### B. Motion to Transfer

Defendants also moved to transfer this case to the Western District of Louisiana, Lake Charles Division. Defendants cite three alternative bases for their request: 28 U.S.C. § 1406(a) (transfer for improper venue); 28 U.S.C. § 1404(a) (transfer for convenience and justice); and *forum non conveniens.* The Court denies Defendants' request on each basis.

*Improper Venue*

■ Plaintiff and Defendants agree that Plaintiff's case is brought pursuant to the Court's admiralty jurisdiction, *see* 28 U.S.C. § 1333, but they disagree about which standard governs venue. Defendants cite as the applicable venue statute 28 U.S.C. § 1391(b), which states:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citi-

zenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Defendants argue that venue in this District is improper under section 1391(b) because none of the Defendants reside here and the events giving rise to the claim did not occur here. Plaintiff acknowledges that his injury (and thus the "events or omissions giving rise to the claim") occurred off the coast of Louisiana. However, under section 1391, a corporation "shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). Thus, Defendants incorrectly state that none of the Defendants reside here: Global is subject to personal jurisdiction here (and thus "resides" here) as well as in Louisiana; the Court did not determine whether Energy Catering was subject to personal jurisdiction here since the company was dismissed before the Court could address the issue.[1]

■ In response, Plaintiff asserts that 28 U.S.C. § 1391 does *not* govern venue in this case, which was brought on the admiralty side of the Court's docket, but which raises Jones Act claims that could have been brought on the law side. *See* Fed. R.Civ.P. 9(h) ("A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims.").[2] Plaintiff argues that in admiralty claims, venue lies wherever the district court has personal jurisdiction over the defendant. *See, e.g., In re McDonnell–Douglas Corp.,* 647 F.2d 515, 516 (5th Cir.1981); *Barnett v. Kirby Inland Marine, Inc.,* 202 F.Supp.2d 664, 667 (S.D.Tex.2002) (Kent., J.). He bases his contention on Rule 82 of the Federal Rules of Civil Procedure, which states, "An admiralty or maritime claim within the meaning of Rule 9(h) shall not be treated as a civil action for the purposes of Title 28, U.S.C. §§ 1391–1392." Fed.R.Civ.P. 82. The Court agrees that the admiralty venue rule applies, though this conclusion is not as clear as it might appear. As one court recognized:

> There is a latent conflict between Jones Act venue and admiralty venue, since *Pure Oil v. Suarez,* 384 U.S. 202, 204, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), specifically applies 28 U.S.C. § 1391(c) to Jones Act cases, while Federal Rule of Civil Procedure 82 specifically precludes the same type of extension to an admiralty case.

*Sanders v. Seal Fleet, Inc.,* 998 F.Supp. 729, 733 (E.D.Tex.1998). The Court determines, however, that when admiralty supplies subject matter jurisdiction, *see* 28 U.S.C. § 1333, admiralty venue rules prevail. *Cf. id.* (citing Steven F. Friedell, 1

---

**1.** Under section 1391, venue is determined when the suit is filed and is not affected by subsequent events such as the dismissal of a defendant, as occurred here. *See Horihan v. Hartford Ins. Co.,* 979 F.Supp. 1073, 1076 (E.D.Tex.1997); *see also Exxon Corp. v. F.T.C.,* 588 F.2d 895, 899 (3d Cir.1978).

**2.** The Parties agree that the case was brought in admiralty.

*Benedict on Admiralty* § 127, at 8–29 n. 10 (1997)) ("The venue provisions of the Jones Act apply only to suits at law in the federal courts; they have no application to a suit brought in admiralty[.]").

■ Having determined that venue is proper in this District as long as the Court may exercise personal jurisdiction over the Defendants, the Court refers to its earlier discussion of personal jurisdiction. The Court did not have the opportunity to determine Energy Catering's susceptibility to personal jurisdiction here before the company was dismissed. Global, however, does not contest the Court's jurisdiction over it, and thus the Court finds that venue is proper here.

*Inconvenient Venue*

### a. Forum Non Conveniens

■ The doctrine of *forum non conveniens* is an improper method of transfer in this instance because Defendants seek to have this case transferred to another federal district court. As the Fifth Circuit stated, "Only when the more convenient forum is a foreign country can a suit brought in a proper federal venue be dismissed on grounds of forum non conveniens." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1159 n. 15 (5th Cir.1987), *vacated on other grounds, sub nom., Pan American World Airways, Inc. v. Lopez*, 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989). If a party seeks to change venue within the federal system based on convenience, 28 U.S.C. § 1404(a) is the proper method. *Id.*

### b. 28 U.S.C. § 1404(a)

■ The Court determines that if a transfer is warranted, it should be effected via 28 U.S.C. § 1404(a),[3] which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). The decision to transfer a case rests within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436 ("A motion to transfer venue is addressed to the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.[4] *See, e.g., Henderson v. AT &*

---

3. Because the Court previously determined that venue is proper in the Southern District of Texas, the Court's transfer analysis cannot be based on 28 U.S.C. § 1406(a).

4. In its previous transfer analyses, this Court accorded minimal weight to the location of counsel in balancing the venue factors. *See, e.g., Henderson*, 918 F.Supp. at 1066. The

Fifth Circuit no longer considers the location of counsel to be relevant to transfer questions. *See In re Horseshoe Entm't*, 305 F.3d 354, 358 (5th Cir.2002) ("The factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of transfer of venue."). Thus, this Court will no longer address the location of counsel in its transfer analyses.

*T Corp.*, 918 F.Supp. 1059, 1065 (S.D.Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992) (discussing the importance of the plaintiff's choice of forum in light of the policies underlying § 1404(a)).

 Defendants' Motion utterly fails to address the applicable venue considerations, cited by this Court in numerous published opinions. For example, the convenience of key witnesses is arguably the most important factor in a motion to transfer venue, *see Gundle Lining Constr. Co. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D.Tex.1994); *Continental Airlines*, 805 F.Supp. at 1396, but Defendants do not provide a list of key witnesses, their addresses, or the substance of their proposed testimony. As this Court has stated, "At an absolute minimum, a Defendant must identify key witnesses and provide a brief summary of their likely testimony in an effort to demonstrate to the Court why it would be inconvenient for them to testify in Galveston." *See Blansett v. Continental Airlines, Inc.*, 203 F.Supp.2d 736, 739 (S.D.Tex.2002) (Kent, J.); *see also LeBouef v. Gulf Operators, Inc.*, 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998) (Kent, J.). Moreover, Defendants wholly fail to address several of the Court's other venue considerations leaving the Court with the no option but to hold that Defendants have not met *their* burden of showing the Court why transfer to the Western District of Louisiana is necessary for the convenience of witnesses and in the interests of justice. *See* 28 U.S.C. § 1404(a). Thus, the Court must **DENY** Defendants' Motion to Transfer Venue.

## II.

For all of the reasons set forth above, the Court hereby respectfully **DENIES AS MOOT** Defendant Energy Catering Services, LLC's Motion to Dismiss and hereby respectfully **DENIES** Defendants' Motion to Transfer Venue. Each Party is to bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**