**Eddie BROWN, Jr., et al., Plaintiffs,**

v.

**PETROLEUM HELICOPTERS, INC., et al., Defendants.**

**No. CIV.A. G–03–465.**

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 5, 2004.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for plaintiff.

### ORDER DENYING ROLLS–ROYCE CORPORATION'S MOTION TO TRANSFER VENUE

KENT, District Judge.

Plaintiffs sued Defendant Petroleum Helicopters, Inc. ("PHI") and others for injuries resulting from a helicopter crash in the Gulf of Mexico. PHI filed a Cross–Claim against Rolls–Royce Corporation ("Rolls–Royce"). Now before the Court comes Rolls–Royce's Motion to Transfer Venue to the Southern District of Indiana, Indianapolis Division. For the reasons stated below, Rolls–Royce's Motion is respectfully **DENIED**.

### I. Background

Plaintiffs allegedly suffered severe injuries when the helicopter carrying them to an offshore platform crashed in the Gulf of Mexico. They sued PHI, Rolls–Royce, and numerous other parties on theories of negligence and strict liability. The helicopter was owned by PHI, which had purchased the engine from Rolls–Royce. PHI filed a Cross–Claim against Rolls–Royce, asking for contribution in the event that PHI is held liable for the crash and also asserting a claim of breach of warranty. PHI's contract with Rolls–Royce for the purchase of the helicopter engines included a warranty stating that Rolls–Royce would be liable for any claims against PHI as a result of negligent or improper manufacture of the engine. Plaintiffs claim that the engine had manufacturing defects. Therefore, PHI alleges that Rolls–Royce is liable for Plaintiffs' claims. Rolls–Royce argues that because the contract also included a forum selection clause mandating that any legal action relating to the contract be brought in Indiana, PHI's cross-claim should be severed and transferred to the Southern District of Indiana.

### II. Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.,* 868 F.2d 1428, 1436 (5th Cir.1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir.1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience

of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g., Henderson v. AT & T Corp.,* 918 F.Supp. 1059, 1065 (S.D.Tex.1996); *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex.1993); *Continental Airlines, Inc. v. American Airlines, Inc.,* 805 F.Supp. 1392, 1395–96 (S.D.Tex.1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet,* 868 F.2d at 1436.

A valid forum selection clause should be enforced unless enforcement is "unreasonable and unjust, or . . . the clause [is] invalid for such reasons as fraud or over-reaching." *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). However, the § 1404(a) analysis still applies to a motion to transfer a case based on a forum selection clause. *See Stewart Org., Inc., v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 2243–44, 101 L.Ed.2d 22 (1988). The forum selection clause is a significant factor in this analysis, but it is not the sole factor. *See id.; Lafargue v. Union Pacific R.R.,* 154 F.Supp.2d 1001, 1005 (S.D.Tex. 2001). Such a clause creates a presumption that the parties' interests are best served by transfer to the specified forum. *See Lafargue,* 154 F.Supp.2d at 1005. The Court then "analyzes whether the other § 1404(a) factors . . . overcome this presumption." *Id.*

## III. Analysis

### A. *Forum Selection Clause*

 ■ The contract between PHI and Rolls–Royce states, "[PHI] irrevocably agrees that any legal action or proceeding by [PHI] against [Rolls–Royce] with respect to this Agreement will be brought in the Courts of Indiana." PHI does not allege that Rolls–Royce obtained this agreement by fraud or overreaching. Therefore, the clause is enforceable, and the Court will begin with the presumption that transfer to the Southern District of Indiana would best serve the Parties' interests.

This Court has previously enforced forum selection clauses against third-party plaintiffs seeking indemnification, which is essentially the remedy sought by PHI. *See Lafargue,* 154 F.Supp.2d at 1005–1006. Cases of that type, however, involve third-party defendants not otherwise involved in the case. Since Rolls–Royce must litigate in this forum regardless of PHI's Cross–Claim, this Court finds that the reasoning applied in cases like *Lafargue* does not carry the same weight in this case.

### B. *Availability and Convenience of Witnesses*

 ■ "The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.,* 20 F.Supp.2d 1057, 1060 (S.D.Tex.1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their likely testimony. *See id.* (citing *Dupre,* 810 F.Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.* Rolls–Royce has stated that all its witnesses reside in Indiana. It has not provided a list of specific witnesses nor outlined their likely testimony. This fact

alone makes it difficult for the Court to understand the necessity of transfer. However, because Rolls–Royce is a Defendant in the underlying action by Plaintiffs, Rolls–Royce will have to bring those witnesses to Galveston anyway. Transferring the cross-claim to Indiana would only increase the cost and inconvenience for both Rolls–Royce and PHI because both Parties would have to bring witnesses to two courts. This factor weighs against transfer.

### C.  Location of Books and Records

 Rolls–Royce argues that all of its records related to the manufacture of the engine are in Indiana. It also argues that since PHI's records are located in Louisiana, PHI will have to transport the records whether the case is heard in Galveston or Indianapolis. Rolls–Royce ignores a pertinent facts: Rolls–Royce will have to transport its records in Indiana to Galveston for the main trial anyway. This factor weighs against transfer.

### D.  Potential for Delay

This case is set for trial on January 24, 2005, less than three months from now. Any transfer at this stage of the trial process would necessarily cause significant delay. Therefore, this factor weighs against transfer.

### E.  Plaintiff's Choice of Forum

Rolls–Royce acknowledges that PHI's choice of forum is generally entitled to great deference, but it argues that the forum selection clause takes precedence. If PHI alone had filed suit against Rolls–Royce in Galveston, this would be a compelling argument. However, PHI did not choose the venue for the original suit; it merely responded to Plaintiffs' action and filed its related Cross–Claim accordingly. PHI's choice to file its Cross–Claim in this Court does not appear to be an attempt to circumvent its contractual obligations, but rather an attempt to litigate in the most efficient manner. Therefore, this factor weighs against transfer.

### F.  Place of the Alleged Wrong

Rolls–Royce argues that the wrong is the alleged manufacturing defect, which occurred in Indiana. PHI argues that the wrong is the helicopter crash in the Gulf of Mexico. In the Plaintiffs' action, the helicopter crash-or the place where the injury happened-would be the relevant wrong. However, PHI's action is contractual. Neither the location of the manufacturing plant or the location of the accident have any great relevance to the interpretation of the contract provision at issue here. The contract may be interpreted anywhere with equal ease. Therefore, this factor weighs neither for nor against transfer.

### IV.  Conclusion

Because Rolls–Royce must defend against Plaintiffs' suit in this Court anyway, severing PHI's cross-claim and transferring it to the Southern District of Indiana would only increase the cost and inconvenience for the Parties and for the court system. In addition, transfer at this late stage would cause significant delay. Because all the § 1404(a) factors are neutral or weigh against transfer and because requiring both PHI and Rolls–Royce to litigate in two courts would not serve the interests of judicial economy, the Court declines to enforce the forum selection clause. For the reasons stated above, Rolls–Royce's Motion to Transfer Venue is hereby respectfully **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**