**APPAREL PRODUCTION SERVICES INC., Plaintiff,**

**v.**

**TRANSPORTES DE CARGA FEMA, S.A. DE C.V., and Trafago Forwarding, Inc., Defendants.**

**Civil Action No. H–07–4099.**

United States District Court, S.D. Texas, Houston Division.

April 22, 2008.

452

Dana Keith Martin, Hill Rivkins et al., Houston, TX, for Plaintiff.

J. Alberto Alarcon, Hall Quintanilla & Alarcon, Laredo, TX, Carlos R. Soltero, McGinnis Lochridge et al., Austin, TX, for Defendants.

## ORDER

DAVID HITTNER, District Judge.

Pending before the Court are Defendant Trafago Forwarding, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Document No. 9) and Defendant Transportes De Carga Fema, S.A. de C.V.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Document No. 10). Having considered the motions, submissions, and applicable law, the Court determines both motions should be granted.

## BACKGROUND

Apparel Production Services, Inc. ("APS"), a California corporation, contracted with Trafago Forwarding, Inc. ("Trafa-

go"), a Texas corporation, and Transportes de Carga Fema ("Fema"), a Mexican corporation, to ship 390 rolls of fabric ("cargo") from Laredo, Texas ("Laredo") to Xalapa, Veracruz, Mexico via Nuevo Laredo, Mexico ("Nuevo Laredo").[1] Trafago, the freight forwarder, received the cargo from APS, the original shipper, in Laredo. Trafago unloaded the cargo and re-loaded it onto drayage trailers for transportation into Mexico. Trafago then transferred the cargo to Fema, the final shipper, in Laredo for transportation into Mexico. During transit, armed gunmen stopped the Fema truck in Nuevo Laredo and stole the cargo. At the time the cargo was stolen, it had already crossed the United States–Mexico border and been cleared by Mexican customs officials.

Based upon these facts, on December 4, 2007, APS filed suit in this Court against Fema and Trafago, alleging negligence, res ipsa loquitur, breach of contract, and breach of bailment. On January 22, 2008, Trafago and Fema both timely filed motions to transfer venue to the United States District Court, Southern District of Texas, Laredo Division, asserting trial in the Laredo Division would be more convenient for the parties and witnesses.

### LEGAL STANDARD

The applicable federal venue transfer statute states, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (" § 1404(a)"). The moving party has the burden to demonstrate to the court why venue should be transferred. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir.

1966); *In re Volkswagen of Am.*, 506 F.3d 376, 381 (5th Cir.2007). In determining whether to grant a motion to transfer venue, the court must first consider whether the suit could have originally been filed in the destination venue. *Volkswagen*, 506 F.3d at 380. A court must then consider a number of public and private interests, none of which has dispositive weight. *Id.* (citing *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)).

The private interests are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interests are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." *Id.*

Generally, a plaintiff's choice of forum is accorded great deference; however, when a plaintiff is not a resident of the chosen forum, or the operative facts underlying the case did not occur in the chosen forum, the court will not give as much deference to a plaintiff's choice. *In re Horseshoe Entm't*, 337 F.3d 429, 434–35 (5th Cir.2003). It is in the sound discretion of the trial court to decide whether a case should be transferred, and such decisions are reviewed under an abuse of discretion standard. *Id.* at 432. Accordingly, the Court must determine whether

1. The Court has federal question jurisdiction over the parties' dispute because it involves interstate transportation of goods by a freight forwarder service. *See* 49 U.S.C. § 14706.

Under § 14706, a plaintiff may bring suit in a United States District Court or a State court. *See id.* at § 14706(d)(3).

Trafago and Fema, the moving parties, have met their burden to demonstrate a transfer to the Laredo Division is warranted. *See Time, Inc.,* 366 F.2d at 698 (stating the burden is on the moving party to show transfer is warranted).

## LAW & ANALYSIS

### I. PRIVATE FACTORS

#### a. Ease of Access to Sources of Proof

This factor has become less significant within the venue transfer analysis because of advances in copying technology and information storage. *Volkswagen,* 506 F.3d at 385. Trafago's documents and facilities are both located in Laredo, and Fema's documents and facilities are both located in Nuevo Laredo. Thus, the documents located in Laredo and Nuevo Laredo must be photocopied and sent to the other parties whether the case is heard in the Laredo Division or the Houston Division. Additionally, there is no evidence before the Court demonstrating sources of proof exist that can only be viewed by visiting Trafago or Fema's respective facilities. Because nothing in the record indicates access to evidence would be easier in Houston rather than Laredo, this factor does not weigh for or against transfer.

#### b. Availability and Cost of Attendance of Witnesses

Availability and convenience of the witnesses is one of the most important factors in a transfer analysis. *Cont'l Airlines, Inc. v. Am. Airlines, Inc.,* 805 F.Supp. 1392, 1396 (S.D.Tex.1992); *Chesapeake Operating, Inc. v. Stratco Operating Co.,* No. A–06–CA–991–LY, 2007 WL 788166, at *4 (W.D.Tex. Mar. 14, 2007). The most likely witnesses in this case will be Trafago and Fema's employees. Trafago's employees are located in Laredo, and Fema's employees are located either in Laredo or Nuevo Laredo. Although the Court may not compel residents of Nuevo Laredo to testify at trial because they are outside the Court's subpoena power, the Court finds a trial in Laredo would make these witnesses' voluntary appearance more likely because they would not have to travel as far.

APS, however, avers witnesses from California, New York, Illinois, Tennessee, Pennsylvania, North Carolina, Mexico, Laredo, and Houston will testify at trial. For the witnesses who reside outside Houston and Laredo, either venue would be just as convenient because they must travel regardless of whether the trial is held in Houston or Laredo. Venue will always be convenient for some and inconvenient for others when witnesses are scattered. *See Apparel Prod. Servs., Inc. v. Ind. Transp.,* 2008 WL 1912056, *1 n. 2 (S.D.Tex. Feb. 25, 2008) (explaining that when witnesses are scattered throughout the United States venue will always be inconvenient for some). Because most of the witnesses work and live in the Laredo area, the Court finds this factor weighs in favor of transfer to the Laredo Division.

#### c. Other Practical Problems

This factor relates to "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Am. Dredging Co. v. Miller,* 510 U.S. 443, 448, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); *Vasquez v. Bridgestone/Firestone, Inc.,* 325 F.3d 665, 672 (5th Cir.2003). Because no party raised any other practical problems as to why this case should or should not be transferred, this factor is neutral.

### II. PUBLIC FACTORS

#### a. Administrative Difficulties Flowing from Court Congestion

No party contends court congestion in either the Laredo or Houston Division is a concern in this case. Additionally, this case was filed approximately four months

ago, so a transfer at this stage of the proceedings would not result in a substantial delay. Thus, this factors does not weigh for or against transfer.

### b. Local Interest

■ APS argues the case should remain in the Houston Division because APS' insurance provider performed administrative matters regarding the adjustment of loss in Houston.[2] However, the location of the alleged incident should be considered in the analysis of the local interest factor. *Volkswagen,* 506 F.3d at 387 n. 7. Here, the incident in question took place in Mexico, and all other operative facts either took place in Laredo or directly across the border in Nuevo Laredo. *See id.* Because international trade with Mexico is a large part of Laredo's economy, the citizens of Laredo have an interest in the security of the commerce crossing the border. *See Apparel Prod. Servs.,* slip op. at 4. Therefore, this factor weighs in favor of transfer to the Laredo Division.

### c. Familiarity with Law Governing Case

This factor does not weigh for or against transfer in this case. Both this Court and the court in the Laredo Division are equally well-equipped to apply the applicable law.

### d. Avoidance of Conflicts of Law

This factor is also inapplicable because no conflict of law issues exist in this case. Therefore, this factor does not weigh for or against transfer.

### III. PLAINTIFF'S CHOICE OF FORUM

■ A plaintiff's choice of forum is given less deference when the plaintiff is not a resident of the forum and when the operative facts of a case occurred in a different forum. *Horseshoe,* 337 F.3d at 434–35. APS is a California corporation and therefore, not a resident of the Houston Division. In this case, most of the operative facts occurred either in Laredo or just across the border in Nuevo Laredo. Because APS, the plaintiff, is not a resident of the Houston Division, and most operative facts occurred in Laredo or Nuevo Laredo, the Court finds APS' choice of forum is entitled to little deference. *See Robertson v. M/V Cape Hunter,* 979 F.Supp. 1105, 1109 (S.D.Tex.1997) (finding the plaintiff's choice of forum was "entitled to little deference" when the plaintiff did not live in the Southern District of Texas and the case had "no significant connection to this forum"). Therefore, this factor does not warrant retention of APS' case.

Because Trafago and Fema have met their burden to show a transfer to the Laredo Division is warranted, the Court finds this case should be transferred. *See Time, Inc.,* 366 F.2d at 698. Accordingly, the Court hereby

ORDERS that Defendant Trafago Forwarding, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Document No. 9) is GRANTED. The Court further

ORDERS that Defendant Transportes de Carga Fema, S.A. de C.V.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404 (Document No. 10) is GRANTED. The Court further

---

2. APS argues venue is proper in the Houston Division because APS' insurance provider performed administrative work related to the case in Houston. According to APS, because venue in Houston is proper, the Court should not transfer the case. However, APS' argument overlooks the fact that under a § 1404 analysis it is irrelevant whether original venue was proper. *See Apparel Prod. Servs.,* at *2 (stating that for the purposes of § 1404(a) it is irrelevant whether original venue was proper). A court may still transfer a case under § 1404 if a change of venue would be more convenient to the parties and witnesses. *Id.*

ORDERS that this case is hereby TRANSFERRED to the United States District Court for the Southern District of Texas, Laredo Division.